**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

CASE NO.  09-20610-CIV-KING/BANDSTRA

AERO TECHNOLOGIES, LLC, a Florida
Corporation,

       Plaintiff,

vs.

LOCKTON COMPANIES INTERNATIONAL
LIMITED, an International Corporation, and
CERTAIN INTERESTED UNDERWRITERS
AT LLOYD'S OF LONDON, SUBSCRIBING
TO POLICY NUMBER AVNAG0700112,  and
CERTAIN INTERESTED UNDERWRITERS
AT LLOYD'S OF LONDON, SUBSCRIBING
TO POLICY NUMBER AVNAG0700105, and
SEGUROS INBURSA, S.A., a Foreign
Corporation and AERO CALIFORNIA, S.A. de
C.V., a Foreign Corporation

       Defendants.

_____/

**DEFENDANT LOCKTON COMPANIES INTERNATIONAL LIMITED'S RESPONSE
IN OPPOSITION TO PLAINTIFF AERO TECHNOLOGIES, LLC'S OBJECTION TO
MAGISTRATE'S REPORT AND RECOMMENDATION**

       Defendant, Lockton Companies International Limited ("LCIL"), through undersigned

counsel and pursuant to FED. R. CIV. P. 72, and the Local Rules of this Court, files its Response

in Opposition to Plaintiff Aero Technologies, LLC's ("Plaintiff") Objection to Magistrate's

Report and Recommendation [DE 61], and in support states as follows:

CASE NO.  09-20610-CIV-KING/BANDSTRA

## INTRODUCTION

1.      For the reasons described herein below, the Court should overrule Plaintiff's Objection to the Report and Recommendation, and approve and adopt the Report and Recommendation.

2.      On October 19, 2009, the Honorable Magistrate Ted E. Bandstra entered a Report and Recommendation ("R & R") [DE 60], recommending that Defendant Underwriters 112's Motion to Dismiss for Improper Venue [DE 18], Defendant LCIL's Motion to Dismiss Second Amended Complaint [DE 22], Defendant Seguros Inbursa's Motion to Dismiss Second Amended Complaint [DE 33] and Defendant Certain Interested Underwriters at Lloyd's of London, Subscribing to Policy No. AVNAG0700105's Motion to Dismiss for Improper Venue [DE 49] "be GRANTED for improper venue pursuant to the clear and unambiguous forum selection clauses in binding contracts of insurance which mandate the exclusive jurisdiction of this action in Mexican courts." *See* R & R, at 2.  While LCIL did not move to dismiss the Second Amended Complaint for improper venue, the R & R recommends that this Court dismiss the Second Amended Complaint against LCIL on this ground.  *See* R & R, n.3 at 7.  In this regard, the R & R recognizes the nucleus of this action as the alleged failure to pay claims covered by insurance policies underwritten by Defendants.  *See id.*  The R & R provides:

> In so finding, the undersigned also finds that Plaintiff's inclusion of breach of fiduciary duty and negligence claims against certain defendants does not require a different result.  These claims, while not strictly contract claims, still involve the alleged failure of INBURSA and [LCIL] to provide adequate insurance and to pay claims which arise under the subject insurance policies so that they, too, are covered by the forum selection clauses here.

*See id.* (citations omitted).

3.      In its Motion to Dismiss Second Amended Complaint [DE 22], LCIL argued that the claims against it should be dismissed on the grounds that (1) this Court does not have personal jurisdiction over LCIL, (2) Plaintiff has not properly effectuated service of process on LCIL and (3) even assuming *arguendo* that this Court has personal jurisdiction over LCIL and Plaintiff had properly served LCIL, Plaintiff has not and cannot state a cognizable claim against

2

LCIL.  The Court did not reach these arguments in view of its recommendation that all claims against all defendants should be dismissed pursuant to the forum selection clause.  *See* R & R, n.2 at 4.

4.    On November 2, 2009, Plaintiff filed its Objection to Magistrate's Report and Recommendation ("Objection") [DE 61].  In its Objection, Plaintiff argues that the R & R should be overruled as to LCIL because LCIL did not move to dismiss for improper venue and therefore waived such defense.  Plaintiff also argues that Plaintiff's extra-contractual claims against LCIL are not governed by the forum selection clause.[1]  *See* Objection, at 3.

5.    The Court's R & R should be approved and adopted and Plaintiff's Objections should be overruled.  As described below, the forum selection clauses are operative as to LCIL. Moreover, this Court has discretion to *sua sponte* dismiss this case as to LCIL based on improper venue.  Further, even if the forum selection clause was not operative as to LCIL, Plaintiff's claims must be dismissed pursuant to the additional grounds raised in LCIL's Motion to Dismiss Second Amended Complaint.

## PROCEDURAL POSTURE AND
## ALLEGATIONS OF THE SECOND AMENDED COMPLAINT

6.    On March 10, 2009, Plaintiff filed its initial Complaint [DE 1] in this action against LCIL, an insurance broker[2], amongst others.  LCIL is a foreign corporation incorporated

---

[1]  Plaintiff additionally argues that the "Magistrate overlooked and misapprehended legal precedent regarding finding ambiguity in the Forum Selection Clauses contained in the insurance policies at issue in this matter," and that the "Magistrate overlooked legal precedent and supporting provisions of Mexican law cited by Plaintiff for finding Forum Selection Clauses unreasonable or fundamentally unfair, and misapprehended the standard for applying same."  *See* Objection, at 4.  In response to said arguments, LCIL joins in Defendant Certain Interested Underwriters at Lloyd's of London, Subscribing to Policy No. AVNAG0700105's Response in Opposition to Plaintiff's Aero Technologies, LLC's Objection to Magistrate's Report and Recommendation [DE 62], Defendant Underwriters 112's Response Memorandum Opposing Plaintiff, Aero Technologies, LLC's Objections to Magistrate's Report and Recommendation [DE 63] and Defendant Seguros Inbursa's Response to Plaintiff's Objections to Magistrate Judge's Report and Recommendation [DE 64], incorporated herein by reference.

[2]  LCIL does not underwrite insurance policies.  It only serves as an insurance broker.

CASE NO. 09-20610-CIV-KING/BANDSTRA

in England with its primary place of business located in England at Lockton House, 6 Bevis Marks, London, England EC3A 7AF. *See* Declaration of Charlotte Taggart in Support of Defendant Lockton Companies International Limited's Motion to Dismiss Second Amended Complaint ("Declaration") [DE 22-2] at ¶2. LCIL does not transact business in Florida and did not engage in any activity in Florida that would subject it to the personal jurisdiction of this Court. *See id.,* at ¶¶2-18.

7.    On March 17, 2009, Plaintiff filed an Amended Complaint [DE 4].

8.    On May 26, 2009, after this Court granted it leave to do so, Plaintiff filed the Second Amended Complaint [DE 15].

9.    In connection with service of Plaintiff's moving papers in this matter upon LCIL, Plaintiff attempted to effectuate service of process of the Complaint not by serving LCIL (who has no registered agent in Florida since it is a foreign corporation that does not transact business in Florida), but by serving the moving papers on the registered agent of Lockton Insurance Agency, Inc. ("LIA"), a separate and distinct legal entity engaged in different businesses than LCIL. *See* DE Declaration at ¶3.

10.    LIA is not a party to this lawsuit. Further, Plaintiff has not and cannot allege any legal basis why service of process on LIA would constitute proper and sufficient service of process on LCIL. The allegation in paragraph 2 of the Second Amended Complaint that LCIL "is a subsidiary of [LIA], whose principal place of business is St. Louis, Missouri" is not only factually inaccurate, but it does not provide a legal basis of service process on LIA instead of LCIL.

11.    The nucleus of the Second Amended Complaint is predicated on the alleged wrongful failure of insurance underwriters to pay claims allegedly covered by insurance policies benefiting Plaintiff.

12.    Specifically, Plaintiff alleges that Defendant Inbursa issued policy numbers 30003807 and 300037990 (collectively the "Inbursa Policy") to Defendant Aero California S.A. de C.V. ("Aerocal"), to whom Plaintiff leased nine (9) Pratt and Whitney JT8d-15 engines. *See*

Second Amended Complaint, ¶¶8-10.[3]  Plaintiff further alleges that Inbursa acted as both broker and insurer under the Inbursa Policy.  *See id.*, ¶23.   Plaintiff also alleges, inconsistently, that LCIL placed the order for the Inbursa Policy. *See id.,* ¶27.

13.     Plaintiff alleges that LCIL brokered the reinsurance contract between Inbursa, the reinsured, and Lloyd's, the reinsurer (collectively "Lloyd's Reinsurance Policy").  *See id.*, ¶10.

14.     Plaintiff alleges that it was listed as an insured party under the Inbursa Policy and as a contract party under the Lloyd's Reinsurance Policy, based upon its status as lessor of the subject engines.  *See id.*, ¶¶9-10.

15.     According to Plaintiff, Lloyd's, Inbursa and LCIL breached the respective insurance policies by failing to pay claims submitted by Plaintiff within the required number of days following the inception of Plaintiff's claim, which claims allegedly arose when the airplane engines were confiscated by Mexican authorities. *See id.*, ¶¶22, 31 and 45.

16.     Plaintiff has brought the following claims against LCIL in the Second Amended Complaint: Breach of Contract (Count III), Breach of Fiduciary Duty (Count IV) and Negligence (Count V). As to Count III, Plaintiff alleges, without any factual or legal basis whatsoever, that LCIL  breached the respective insurance policies by failing to pay Plaintiff's claims.  *See id.*, ¶¶27.  Plaintiff makes such allegation notwithstanding the black letter law that an insurance broker who is not the underwriter of an insurance policy has no liability as the result of the underwriter's refusal to pay a claim.  With respect to Counts IV and V, Plaintiff unsuccessfully attempts to state a claim that LCIL breached a fiduciary duty allegedly owed to Plaintiff by "failing to properly place appropriate levels and coverages of insurance on the lease engines," and that LCIL was negligent in "failing to provide polices that would promptly pay the Plaintiff in foreseeable event of the losses" described in the Second Amended Complaint. *See id.*, ¶¶37, 41.

---

[3] Plaintiff also sues Aerocal in this matter for breach of the subject lease.

## SUMMARY OF ARGUMENT

17.    The forum selection clause contained in the Inbursa Policy and Lloyd's Reinsurance Policy is operative as to LCIL.  Because the claims against LCIL are predicated upon its alleged breach of, and duties in connection with, the insurance policies at issue containing the forum selection clauses, the clauses are applicable to such claims.

18.    Moreover, this Court may dismiss this matter as to LCIL *sua sponte* based on improper venue, notwithstanding the fact that LCIL did not raise the issue in its Motion to Dismiss, because extraordinary circumstances exist here affording this Court discretion to dismiss.  This is so the Second Amended Complaint based upon improper venue on its own motion.  These extraordinary circumstances are that the claims against all the defendants are so overlapping and intertwined that they must be tried together in Mexico, as recommended by the R & R.  Thus, the Second Amended Complaint against LCIL should be dismissed based upon improper venue.

19.    Plaintiff's claims against LCIL must be dismissed on the alternative grounds that 1) this Court does not have personal jurisdiction over LCIL, (2) Plaintiff has not properly effectuated service of process on LCIL and (3) even assuming *arguendo* that this Court has personal jurisdiction over LCIL (which it does not) and Plaintiff had properly served LCIL (which it did not), Plaintiff has not and cannot state a cognizable claim against LCIL. [4]

20.    With regard to personal jurisdiction, the allegations in the Second Amended Complaint fail to bring LCIL within the ambit of Florida's long arm statute and therefore this Court lacks personal jurisdiction over LCIL.  *See FLA*. STAT. § 48.193.  *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989).  *See also Suroor v. First Inv. Corp.*, 700 So. 2d 139, 140 (Fla. 5th DCA 1997) ("It is the plaintiff's burden to plead facts which clearly establish the applicability of the long arm statute. . . . If the jurisdictional allegations are not sufficient, the

---

[4]  LCIL incorporates herein its Motion to Dismiss Second Amended Complaint and Incorporated Memorandum of Law [DE 22] and its Reply in Support of its Motion to Dismiss Second Amended Complaint and Incorporated Memorandum of Law [DE 41].

trial court lacks personal jurisdiction over the defendant.") (citations omitted).  The Court also lacks personal jurisdiction over LCIL because Plaintiff has not alleged that LCIL has sufficient minimum contacts with the state of Florida to satisfy LCIL's constitutional due process rights. *See Int'l Shoe Corp. v. Washington*, 326 U.S. 310, 316 (1945).  Due to the absence of any factual allegations demonstrating that Plaintiff has a statutory or constitutional basis for personal jurisdiction over LCIL, there exists no basis upon which this Court can exercise jurisdiction over LCIL.

21.    With regard to service of process, Plaintiff failed to effectuate service of the Summons and Complaint on LCIL.  Rather than serving these documents on LCIL, Plaintiff served LIA, a separate and distinct company who is not a party to this lawsuit.

22.    Lastly, Plaintiff has not and cannot state a claim upon which relief can be granted against LCIL and therefore the Second Amended Complaint should be dismissed on substantive grounds.  As to Count III for breach of contract, Lockton, who allegedly acted in the capacity of broker, has no obligation or ability to pay claims to Plaintiff pursuant to insurance policies underwritten by other parties.  Lockton is not a party to any contract for insurance with Plaintiff and therefore has no liability for the alleged failure of the underwriters to pay claims.

Counts IV and V for breach of fiduciary duty and negligence, respectfully, fail as a matter of law because Plaintiff has not alleged, as required by Florida law, that it was a third party beneficiary of a contract to procure the Inbursa Policy and Lloyd's Reinsurance Policy.

Furthermore, even if Plaintiff had pled the requisite elements of a cause of action for negligence and breach of fiduciary duty, a condition precedent for an alleged third party beneficiary to state a claim against an insurance broker is the entry of a judgment reflecting that the party responsible for securing the insurance for the benefit of the third party (here Aerocal) failed to secure adequate insurance.  Plaintiff has not fulfilled this condition precedent and therefore cannot state a claim against LCIL.  Indeed, in this action, Plaintiff is contending that Aerocal **did** secure adequate insurance and Plaintiff's claims should be paid under the Inbursa Policy and Lloyd's Reinsurance Policy.  Thus, without conceding that Plaintiff could ever state a

claim against LCIL, any claim against LCIL could only become ripe after a court determination that (1) Aerocal was obligated to secure insurance that covers Plaintiff's claims and (2) the Inbursa Policy and Lloyd's Reinsurance Policy do not cover Plaintiff's claims as alleged by Plaintiff in this lawsuit.

23.     Accordingly, Plaintiff's Second Amended Complaint should be dismissed.

## MEMORANDUM OF LAW

I.     **The Second Amended Complaint Should Be Dismissed on Grounds of Improper Venue.**

     A.     *The Valid, Mandatory Forum Selection Clauses Contained In The Inbursa Policy And In The Lloyd's Reinsurance Policy Are Operative As To LCIL.*

This case should be dismissed pursuant to the valid, mandatory forum selection clauses contained in the Inbursa Policy and in the Lloyd's Reinsurance Policy.  It is well established that "a range of transaction participants, parties, and nonparties, should benefit from and be subject to forum selection clauses." *Manetti-Farrow, Inc. v. Gucci America, Inc.* 858 F.2d 509, 514 n.5 (9th Cir. 1988) (quoting *Clinton v. Janger,* 583 F.Supp. 284, 290 (N.D. Ill. 1984)).  "In order to bind a non-party to a forum selection clause, the party must be 'closely related' to the dispute such that it becomes 'foreseeable' that it will be bound." *Hugel v. Corp. of Lloyd's,* 999 F.2d 206, 209 (7th Cir. 1993).

In the case of *Babin Marine, L.L.C. v. Argo Inc.*, 2000 WL 1372992 (E.D. La. 2000), for example, involving marine contracts for the towing of a barge, plaintiff towing company brought suit against the owner of the tug boat and the owner of the barge that would be tugged. *See id.* at *1.  The towing company had entered into an agreement with the owner of the tug boat, which agreement contained a forum selection clause, and the suit was filed in the venue specified by the forum selection clause. *See id.*  The owner of the barge moved to dismiss, arguing improper venue because it was not a party to the agreement containing the forum selection clause, although its name appeared on the contract as the owner of the barge. *See id.* at *3.  The court concluded that the barge owner was subject to the forum selection clause because the towing

company, who had entered into the agreement, was the barge owner's authorized agent/broker so that the barge owner was "closely related" to the towing company's contractual relationship with the tug owner, making it reasonably foreseeable that the forum selection clause in the contract would apply to suits involving the barge owner. *See id.* at *4.

Likewise, in *Frietsch v. Refco, Inc.,* 56 F.3d 825, 827-828 (7th Cir. 1995), the Seventh Circuit held that although the broker, sued for allegedly operating a Ponzi scheme in Germany, was not a party to the contracts between the foreign investors and the promoters, the broker was "closely related" to them such that the forum-selection clause in the contracts between the investors and the promoters would apply to the broker in that suit. *See id. See also Swisher Int'l v. ISA Chicago Wholesale, Inc.*, 2009 WL 1405177, *3 (M.D. Fla. 2009) (enforcing forum selection clause against non-signatory individual defendant who was guarantor for corporate defendant, which was signatory to agreement containing forum selection clause).

In the case at bar, the forum selection clauses contained in the policies are operative as to LCIL. LCIL is the party who allegedly brokered the insurance contracts, and is therefore a closely related party who is bound by the forum selection clauses. Moreover, Plaintiff has alleged that LCIL breached the insurance polices at issue and thus, Plaintiff's claims against LCIL are directly predicated upon a contract containing the forum selection clause. Accordingly, the valid and mandatory forum selection clauses contained in insurance policies apply to the claims raised against LCIL in the Second Amended Complaint, providing a basis for this Court to dismiss the Second Amended Complaint against LCIL based upon improper venue.

**B.      This Court Has Discretion To *Sua Sponte* Dismiss this Matter Based On Improper Venue.**

Moreover, this Court has discretion to *sua sponte* dismiss this case as to LCIL based on improper venue, notwithstanding the fact that LCIL did not raise the issue in its Motion to Dismiss. A court may dismiss a matter *sua sponte* based on improper venue where "extraordinary circumstances" exist. *See Stich v. Rehnquist,* 982 F.2d 88, 89 (2d Cir. 1992).

In the instant case, while LCIL did not raise the defense of improper venue in its Motion

to Dismiss, extraordinary circumstances present here justify the *sua sponte* dismissal of the Second Amended Complaint against LCIL based upon improper venue. Specifically, the claims against all the defendants are similar and sometimes identical, and all of the claims in the Second Amended Complaint are completely intertwined.  The piecemeal litigation of the claims against the defendants will not only result in a waste of resources, but would also likely result in inconsistent results.

There is a valid and mandatory forum selection clause in favor of Mexico in the insurance policies at issue, which Plaintiff contends LCIL breached.  The facts underlying Plaintiff's Second Amended Complaint allegedly occurred in Mexico, where the subject engines were allegedly confiscated and where they currently remain.  Most of the witnesses and documents concerning same are located in Mexico.  The parties would be participating in discovery in the Mexican court and LCIL, whether as a party in the Mexican proceedings or otherwise, would necessarily be an active participant in the Mexican proceedings in light of Plaintiff's allegations that LCIL, along with Inbursa and Lloyd's, failed to pay claims under the insurance policies, and it otherwise allegedly breached duties owed to Plaintiff.  These extraordinary circumstances provide the factual predicate for this Court to overrule Plaintiff's objection to the R & R and *sua sponte* dismiss this matter as to LCIL based on improper venue.

## II.    The Second Amended Complaint Should Be Dismissed On The Alternative Ground That Plaintiff Has Failed To Allege Jurisdictional Facts Sufficient To Enable This Court To Exercise Long-Arm Jurisdiction Over LCIL.

As stated above, Plaintiff has failed to allege jurisdictional facts to allow this Court to exercise personal jurisdiction over LCIL.  Before a Court may exercise long-arm jurisdiction over a non-resident, the basis of jurisdiction must be alleged with specificity in the complaint. *Sunrise Assisted Living, Inc. v. Ward*, 719 So. 2d 1218 (Fla. 2d DCA 1998).  In order to plead sufficient facts to establish personal jurisdiction over a defendant, a plaintiff must plead supporting facts or the actual language of the long-arm statute relied upon. *See Venetian Salami Co.*, 554 So. 2d at 502; *Fasco Controls Corp. v. Goble*, 688 So. 2d 1029, 1031 (Fla. 5th DCA 1997).  "[T]he plaintiff must allege sufficient facts in his complaint to initially support long-arm

CASE NO.  09-20610-CIV-KING/BANDSTRA

jurisdiction before the burden shifts to the defendant to make a prima facie showing of the inapplicability of the statute." *Bloom v. A. H. Pond Co., Inc.*, 519 F. Supp. 1162, 1168 (S.D. Fla. 1981).   "If the defendant sustains this burden, the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint." *Id.* (citing *Electro Eng'g Prod. Co. v. Lewis*, 352 So. 2d 862 (Fla. 1977) and *Compania Anonima Simantob v. Bank of Am.*, 373 So. 2d 68 (Fla. 3d DCA 1979)).   Further, any doubts as to the applicability of the long arm statute must be resolved in favor of the defendant.  *See Miami Breakers Club, Inc. v. Women's United Soccer Ass'n*, 140 F. Supp. 2d 1325, 1327 (S.D. Fla. 2001).

> **A.**     *The Second Amended Complaint Contains No Allegations Which Can Serve As A Basis To Subject LCIL To Personal Jurisdiction Under FLA. STAT. § 48.193.*

Plaintiff's Second Amended Complaint fails to allege that LCIL engaged in any activity specified within Florida's long arm statute, FLA. STAT. § 48.193, and thus fails to plead a prima facie case for jurisdiction.  Section 48.193 enumerates the types of activities that may subject a defendant to the jurisdiction of Florida Courts.  Because Plaintiff's Second Amended Complaint fails to specify any component of § 48.193 allegedly supporting personal jurisdiction over LCIL in Florida, Plaintiff has failed to satisfy this basic pleading requirement, and this Court lacks jurisdiction over LCIL.    Based on this pleading deficiency alone, Plaintiff's Second Amended Complaint must be dismissed.

The allegations in Paragraph 2 of the Second Amended Complaint that LCIL "is a subsidiary of Lockton Insurance Agency, Inc., whose principal place of business is Kansas City, Missouri" and that "Lockton Insurance Agency, Inc. ["LIA"] conducts regular business in Florida, and does maintain a registered agent in Florida" have <u>no</u> bearing whatsoever on LCIL, which is a separate and distinct corporate entity. These allegations cannot serve as a basis for personal jurisdiction over LCIL.  Moreover, the allegation that LCIL is a subsidiary of LIA is incorrect.  As stated in the Declaration of Charlotte Taggart in Support of Defendant Lockton Companies International Limited's Motion to Dismiss Second Amended Complaint attached to

CASE NO.  09-20610-CIV-KING/BANDSTRA

LCIL's Motion to Dismiss [DE 22-2], LCIL is not a subsidiary of LIA and is a separate and distinct entity from LIA.  *See* Declaration, ¶3.  Plaintiff has offered no evidence to the contrary.

Further, although the Second Amended Complaint contains no allegations to serve as a basis for piercing LIA's corporate veil in order to establish personal jurisdiction over LCIL, in its Response to Defendant Lockton Companies International Limited's Motion to Dismiss Second Amended Complaint and Incorporated Memorandum of Law ("Response") [DE 31], Plaintiff nonetheless argues that this Court has  long-arm jurisdiction over LCIL under such theory:

> "Plaintiff asserts that Defendant Lockton is inseparable and is one and the same with its parent corporation, Lockton Insurance, and these pleadings comport with §48.193(1)(a) in that Lockton maintains both an office in Miramar, Florida, and a registered agent in Palm Beach Gardens, Florida, and comports with §48.193(1)(d) in that Lockton issued the certificates of insurance in question.

*See* Response, at 8.

Initially, it must be emphasized that Plaintiff's argument in its Response is not predicated on allegations in the Second Amended Complaint. The Second Amended Complaint contains no allegations that LCIL and "Lockton Insurance" or any other entity are "inseparable" and are "one and the same."   For this reason, Plaintiff's alter ego argument should not even be considered.

Moreover, even if Plaintiff had included allegations supporting an alter ego argument in its Second Amended Complaint (which it did not), Plaintiff's argument and the purported facts supporting that argument do not support the exercise of personal jurisdiction over LCIL. It is well settled that the mere presence of a related company in Florida, without more, does not subject a non-Florida company to long-arm jurisdiction. *See Enic v. F.F. South & Co., Inc.*, 870 So. 2d 888, 891 (Fla. 5th DCA 2004).  It is only when it is pled and established that one entity exercises sufficient control over another to constitute an agency, where personal jurisdiction can be exercised on the basis of the other entity's contacts with Florida. *See id.  See also Clover Sys. v. Almagran, S.A.*, 2007 WL 1655377, *4 (S.D. Fla. 2007).  Plaintiff has not pled or presented any evidence demonstrating that any other entity controls LCIL's "daily basic operations," which is required under applicable law.   *Enic*, 870 So. 2d at 891 (no imputation because the record

12

shows parent was not directly involved in the Florida subsidiary's day-to-day operations). *See also Gen'l Cigar Holdings, Inc. v. Altadis, S.A.*, 205 F.Supp. 2d 1335, 1344 (S.D. Fla. 2002) (finding no personal jurisdiction over a parent with a Florida subsidiary where despite "regular and extensive contact" and a "very close working relationship" between the parent and the subsidiary, there was no evidence that the parent controlled the subsidiary's daily "basic operations").

Straining, unsuccessfully, to establish this Court's personal jurisdiction over LCIL notwithstanding the lack of allegations in the Second Amended Complaint, Plaintiff attached to its Response to LCIL's Motion to Dismiss various printouts from a website, without even clearly indicating what entity operates the website.  Plaintiff claims that the website "*implies* that all Lockton entities are one and the same," that "it is clear that Lockton Insurance and [LCIL] are *essentially* one and the same" and that the "relationship between Defendant and its parent corporation . . . *suggests* that the Lockton family of companies should be reasonably expect [sic] to be subject to litigation in any jurisdiction in which it does business." *See* Response, at 4-5, 6 (emphasis supplied).  Plaintiff's mere reliance on the website and equivocal language that it *implies* and *suggests* that "Lockton Insurance" and LCIL are *essentially* the same, does not come close to satisfying Plaintiff's burden of pleading and establishing through competent evidence, that an alter ego relationship exists between LCIL and another entity for purposes of satisfying the jurisdictional requirement.

In short, there are no allegations and there is no evidence that LIA, or Lockton, Inc. or "Lockton Insurance", control LCIL's day-to-day operations.  Further, LCIL's Declaration setting forth that LCIL is not a subsidiary of LIA, and that LCIL and LIA are separate and distinct legal entities engaged in different businesses, has not been rebutted.[5]  *See* Declaration, ¶3. The un-rebutted evidence is that  LCIL does not conduct business in the State of Florida, none of LCIL's

---

[5] Contrary to Plaintiff's assertion in its Response, LCIL does not allege that it is "a separate and distinct corporate entity from its parent corporation, Lockton, Inc." *See* Response, at 4.  LCIL made no such allegation because Plaintiff did not refer to Lockton, Inc. anywhere in the Second Amended Complaint.

RICHMAN GREER, P.A.

Miami • West Palm Beach

CASE NO.  09-20610-CIV-KING/BANDSTRA

work, negotiations or communications relating to the insurance at issue in the above-styled litigation took place in Florida, no payments to LCIL in connection with its work were made in Florida or by anyone in Florida, and LCIL has not engaged in any other activity in Florida which could subject it to personal jurisdiction in this case.  *See id.,* at ¶¶2-18.

Because Plaintiff has not and cannot allege personal jurisdiction over LCIL, Plaintiff's Complaint should be dismissed in its entirety.

**B.      *The Second Amended Complaint Contains No Allegations of Minimum Contacts with Florida To Satisfy Due Process Requirements.***

Additionally, the Court lacks personal jurisdiction over LCIL because Plaintiff has failed to plead that LCIL has sufficient minimum contacts with Florida such that jurisdiction over it would satisfy the Fourteenth Amendment's due process requirement.  In order to determine whether the assertion of personal jurisdiction over a non-resident defendant comports with due process, the court must (1) decide whether the plaintiff has established "minimum contacts" with Florida and (2) decide whether the exercise of personal jurisdiction over the defendant would offend "traditional notions of fair play and substantial justice."  *See Madara v. Hall,* 916 F. 2d 1510, 1515-16 (11th Cir. 1990).

1.      *Plaintiff's Second Amended Complaint Must Be Dismissed for Failure To Establish Minimum Contacts.*  To satisfy constitutional due process requirements, a court must find that a non-resident defendant "should reasonably anticipate being haled into court" in Florida. *See World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1989); *Pellerito Foods, Inc. v. Am. Conveyors Corp.,* 542 So. 2d 426, 427 (Fla. 3d DCA 1989).  When a state exercises personal jurisdiction over a defendant in a suit arising out of or relating to the defendant's contacts with the forum, the state is exercising "specific jurisdiction" over the defendant.  *See Helicopteros Nacionales De Colombia v. Hall,* 466 U.S. 408, 414 (1984).  Where a forum seeks to assert specific personal jurisdiction over a non-resident defendant, due process requires that the defendant have "fair warning" that a particular activity may subject it to the jurisdiction of a foreign sovereign. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985).  This "fair warning"

CASE NO.  09-20610-CIV-KING/BANDSTRA

requirement is satisfied if the defendant has "purposefully directed" its activities at the forum and the litigation results from alleged injuries that arise out of or relate to those activities.  *See id.*  In causes of action which do not arise out of or relate to the defendant's contacts with the forum, "general jurisdiction" must exist to comply with due process.  *See Helicopteros Nacionales De Colombia*, 466 at 414.  In order to establish general jurisdiction, the plaintiff must allege "continuous and systematic" contacts with the state, such that the continuous and systematic nature of those contacts would cause a defendant to reasonably anticipate being hailed into a Florida court.  *See id.*; *World-Wide Volkswagen Corp.,* 444 U.S. at 297.

In the instant case, Plaintiff fails to make any allegations that could serve as a basis for specific jurisdiction or general jurisdiction over LCIL in Florida.  Indeed, Plaintiff cannot make such allegations because LCIL had no contact with the forum, Florida, and Plaintiff's claims do not arise out of or relate to any contacts with Florida.  It necessary follows that Plaintiff does not allege, nor can it allege, that LCIL "purposefully directed" any activities in Florida.

2.    *Fair play and substantial justice require that Plaintiff's Second Amended Complaint be dismissed.*  Even if this Court were to determine that LCIL had sufficient minimum contacts with Florida – which the Court cannot because there are no such allegations – these contacts must be considered in light of other factors in deciding whether the assertion of personal jurisdiction would comport with "fair play and substantial justice."  *See Burger King*, 471 U.S. at 476.  These factors include:

> [T]he burden on the defendants in defending the lawsuit, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies and the shared interest of the states in furthering fundamental substantive social policies.

*Id.* at 477.

An analysis of the above factors in the instant case requires a finding that personal jurisdiction over LCIL in Florida does not comport with notions of fair play and substantial

justice.  The burden on LCIL in defending this lawsuit in Florida is great as all of the witnesses and documents related to the issues raised in Plaintiff's lawsuit are located outside the United States, and not in Florida.    Further, Florida does not have a strong interest in adjudicating this dispute.    The nucleus of the lawsuit involves the Inbursa Policy underwritten by a Mexican company (Inbursa) for another Mexican company (Aerocal), and the Lloyd's Reinsurance Policy underwritten by a London company (Lloyds) for a Mexican company (Inbursa).

In sum, because Plaintiff has failed and cannot set forth any allegations in support of personal jurisdiction over LCIL in this forum, Plaintiff's Second Amended Complaint must be dismissed with prejudice.

### III.   The Second Amended Complaint Should Be Dismissed On The Alternative Ground That Plaintiff Failed To Effectuate Service Of Process Of The Summons And Complaint.

Plaintiff's service of the Summons and Complaint on non-party LIA, a separate and distinct entity from LCIL, does not constitute proper and sufficient service of process on LCIL. Plaintiff has incorrectly alleges that LCIL is a subsidiary of LIA.   However, even assuming *arguendo* that such allegation is correct, service on LIA, the alleged parent company, does not amount to service of process on behalf of LCIL under Florida law.  "In order to allow service on a subsidiary company through a parent, one must establish a sufficient agency relationship or that the two corporations are not really separate entities." *John Scott, Inc. v. Munford, Inc.*, 670 F.Supp. 344, 345 (S.D. Fla. 1987).

Here, Plaintiff has not and cannot allege any agency relationship between LCIL and LIA. As a result, the attempted service of process is deficient.

RICHMAN GREER, P.A.

Miami • West Palm Beach

CASE NO.  09-20610-CIV-KING/BANDSTRA

**IV.    The Second Amended Complaint Should Be Dismissed On The Alternative Grounds That Plaintiff Has Failed To State A Claim Against LCIL For Breach Of Contract (Count III).** [6]

Even if Plaintiff could establish this Court's personal jurisdiction over LCIL, which it cannot, and even if Plaintiff had properly served LCIL, which it did not, Plaintiff has not and cannot state a claim against LCIL.  In Count III, Plaintiff alleges that LCIL, an insurance broker, breached the policies of insurance by not paying Plaintiff's alleged valid claims. *See* Second Amended Complaint, ¶27-32.  As an insurance broker, LCIL has **no** ability or obligation to satisfy claims of Plaintiff that are alleged due under insurance policies underwritten by other parties.  Accordingly, Count III has no basis in law or fact and must be dismissed with prejudice. *See First Automotive Service Corp., N.M. v. First Colonial Ins. Co.*, 2008 WL 816973, *5 (M.D. Fla. 2008) ("an agent for a disclosed insurer is not liable to the insured on the insurance contract") *Cleveland v. Fidelity & Guar. Life Ins. Co.*, 2005 WL 3115282, *3 (M.D. Ala. 2005) (dismissing claim for breach of insurance contract against insurance broker where broker was not a party to insurance contract); *Cont'l Cameras Co., Inc. v. Foa & Son Corp.,* 658 F.Supp. 287, 289 (S.D.N.Y. 1987) (holding that federal court lacked jurisdiction over claim brought by insured against an insurance broker because broker was not a party to the underlying insurance contract).

**V.    The Second Amended Complaint Should Be Dismissed On The Alternative Grounds That Plaintiff Has Failed To State A Claim Against LCIL For Breach Of Fiduciary Duty (Count IV) and Negligence (Count V).**

Plaintiff also has not and cannot state a claim against LCIL for breach of fiduciary duty and negligence.  As discussed below, LCIL has failed to adequately plead a cause of action as a third party beneficiary against an insurance broker.  Further, even if LCIL has adequately pled a cause of action, Plaintiff has not satisfied certain condition precedents to sue LCIL.

---

[6] LCIL submits that it is appropriate for the Court to consider LCIL's substantive arguments contained in its Motion to Dismiss, in addition to its challenge to personal jurisdiction and service of process.  In light of Plaintiff's inability to cure the pleading deficiencies contained in the Second Amended Complaint for the reasons set forth herein, leave to file a third amended complaint as to LCIL should not be granted.

RICHMAN GREER, P.A.

Miami ● West Palm Beach

CASE NO.  09-20610-CIV-KING/BANDSTRA

**A.**     ***Plaintiff's failure to allege that it was a third party beneficiary of a contract to procure insurance.***

Under Florida law, in order to maintain a claim for breach of fiduciary duty and negligence premised on an insurance broker's alleged failure to procure insurance, a plaintiff, claiming to be a third party beneficiary to the insurance contract as Plaintiff here, must allege status as a legally recognized beneficiary under both the insurance contract **and** the contract for procurement of insurance. *See Rihon v. Wilson*, 415 So. 2d 94, 96 (Fla. 4th DCA 1982) (stating that "[i]n order to bring a direct cause of action against an agent for his negligence in procuring a policy, one must allege status as a legally recognized beneficiary of the written or implied contract to procure insurance between the agent and the named insured" and dismissing third party's claim for negligence against insurance broker where third party only alleged that he was a third party beneficiary of the insurance policy and failed to allege that he was a beneficiary of whatever contract existed between the insurance broker and the insured).

Here, Plaintiff has alleged that it is a third party beneficiary of the Inbursa Policy and Lloyd's Reinsurance Policy.   However, Plaintiff has **not** alleged that it was a third party beneficiary to a contract to <u>procure</u> insurance under these policies.  Indeed, LCIL was not a party that contracted with Aerocal for placement of the Inbursa Policy, and thus, Plaintiff could never state a claim against LCIL as to such policy.   The same is true with regard to the Lloyd's Reinsurance Policy.

The Lloyd's Reinsurance Policy was secured by Inbursa for its own benefit to allocate the risk it undertook under the Inbursa Policy.   The Lloyd's Reinsurance Policy was simply a reinsurance contract between Inbursa and Lloyd's.   Inbursa was not obliged to enter into this reinsurance contract and Inbursa's business decision to secure such contract was exclusively for its own benefit and not as the result of any duty owed to Aerocal or Plaintiff.   Accordingly, Plaintiff cannot possibly allege that it was a third party beneficiary of any contract that may have existed between Inbursa and Lloyd's to procure the Lloyd's Reinsurance Policy.

**RICHMAN GREER, P.A.**

Miami • West Palm Beach

CASE NO. 09-20610-CIV-KING/BANDSTRA

Because Plaintiff has not and cannot allege that it was a third party beneficiary of a contract to procure insurance involving LCIL, Counts IV and V of the Second Amended Complaint must be dismissed with prejudice.

### B. *Plaintiff has failed to satisfy a condition precedent to state a claim against an insurance broker.*

Even if Plaintiff was otherwise able to state a claim against LCIL based on a third party beneficiary theory, Counts IV and V of the Second Amended Complaint would nevertheless fail as a result of Plaintiff's failure to satisfy a condition precedent to bring a claim against LCIL. Without conceding that Plaintiff can ever state a claim against LCIL, it is well settled law that before an alleged third party beneficiary may seek recovery against an insurance broker, the third party must first be successful in its action against the insured who did not secure adequate insurance and the plaintiff must be unable to collect the balance of its judgment against the insured. *See Commercial Ins. Consultants vs. Frenz Ent.*, 696 So. 2d 871, 872 (Fla. 5th DCA 1997) (holding that "before a third party may seek to recover against the insurance broker, the third party must first be successful in its action against the customer who did not have adequate insurance" and reversing judgment entered in favor of third party on its claim against insurance broker where third party never sued insured for failing to obtain adequate insurance); *Robinson v. John E. Hunt & Assoc., Inc.*, 490 So. 2d 1291, 1293 (Fla. 1st DCA 1986) (noting that before third party could seek to insurance broker, third party must be successful in her action against insured).

Here, Counts IV and V must be dismissed because Plaintiff has failed to satisfy the aforementioned condition precedent before bringing a claim against an insurance broker. Specifically, Plaintiff's cause of action against LCIL would only become ripe (if ever) after Plaintiff first obtains a judgment against Aerocal for Aerocal's failure to secure adequate insurance. Significantly, in the instant case, Plaintiff is **not** contending that Aerocal failed to secure adequate insurance. Instead, Plaintiff is alleging the opposite; that is, that Aerocal **did** secure adequate insurance to cover Plaintiff's loss through the Inbursa Policy and Lloyd's

CASE NO. 09-20610-CIV-KING/BANDSTRA

Reinsurance Policy. Plaintiff further alleges that Inbursa and Lloyd's are wrongfully refusing to pay Plaintiff's claims which Plaintiff's contends are covered under such policies. Thus, Plaintiff's own allegations in this case are repugnant to the allegations required to state a claim against an insurance broker.

Accordingly, based upon the legal authority cited above and assuming *arguendo* that Plaintiff could ever state a claim against LCIL, Plaintiff's claims could not possibly become ripe as to LCIL until 1) after a judgment is entered determining that Aerocal failed to secure adequate insurance, and 2) after a Court determines that Plaintiff's claims are not covered by the Inbursa Policy and/or the Lloyd's Reinsurance Policy. It necessarily follows that if it is ultimately determined that Plaintiff's claims are covered by the Inbursa Policy and/or the Lloyd's Reinsurance Policy, then Plaintiff's claims against LCIL would never become ripe.

## CONCLUSION

Plaintiff's Second Amended Complaint against LCIL should be dismissed for the reasons set forth hereinabove.

**WHEREFORE**, Defendant, Lockton Companies International Limited, hereby respectfully requests that this Court overrule Plaintiff's Objection to the R & R, approve and adopt the R & R, and grant any further relief that this Court deems just and proper.

Respectfully submitted,

Dated: <u>November 20, 2009</u>

By: <u>   /s/ Lyle S. Shapiro   </u>
Lyle E. Shapiro
Florida Bar No. 120324
lshapiro@richmangreer.com
Melissa Fernandez-Stiers
Florida Bar No. 665851
mfernandez@richmangreer.com
RICHMAN GREER, P.A.
*Attorneys for Defendant Lockton*
*Companies International Limited*
Miami Center – Suite 1000
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

20

RICHMAN GREER, P.A.

Miami ● West Palm Beach

CASE NO.  09-20610-CIV-KING/BANDSTRA

## **CERTIFICATE OF SERVICE**

I HEREBY certify that on November 20, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: ___/s/ Lyle S. Shapiro_____
Lyle E. Shapiro

**RICHMAN GREER, P.A.**

Miami • West Palm Beach

CASE NO.  09-20610-CIV-KING/BANDSTRA

## SERVICE LIST

*Aero Technologies, LLC v. Lockton Companies International Limited, et al.*
CASE NO.  09-20610-CIV-KING/BANDSTRA
United States District Court, Southern District of Florida

| | |
|---|---|
| Edward R. Nicklaus, Esq.<br>edwardn@nicklauslaw.com<br>Nicholas F. Van Valen<br>nickvanvalen@aol.com<br>Nicklaus & Associates, P.A.<br>4651 Ponce de Leon Blvd.<br>Suite 200<br>Coral Gables, Florida 33146<br>Telephone: (305) 460-9888<br>Facsimile: (305) 460-9889<br>*Attorneys for Plaintiff*<br>**(VIA CM/ECF)** | Lyle E. Shapiro, Esq.<br>lshapiro@richmangreer.com<br>Melissa Fernandez-Stiers, Esq.<br>mfernandez@richmangreer.com<br>Richman Greer, P.A.<br>Miami Center – Suite 1000<br>201 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: (305) 373-4000<br>Facsimile: (305) 373-4099<br>*Attorneys for Defendant*<br>*Lockton Companies International Limited*<br>**(VIA CM/ECF)** |
| Christopher S. Morin, Esq.<br>cmorin@mmhlaw.com<br>Murray, Morin & Herman, P.A.<br>Bank of America Plaza<br>101 E. Kennedy Blvd.<br>Suite 1810<br>Tampa, Florida 33602<br>Telephone: (813) 222-1800<br>Facsimile: (813) 222-1801<br>*Attorneys for Defendant*<br>*Certain Interested Underwriters at Lloyd's of London, Subscribing to Policy Number AVNAG0700112,  and Certain Interested Underwriters at Lloyd's of London, Subscribing to Policy Number AVNAG0700105*<br>**(VIA CM/ECF)** | Michael G. Shannon, Esq.<br>mshannon@mmhlaw.com<br>Murray, Morin & Herman, P.A.<br>255 Alhambra Circle<br>Suite 750<br>Coral Gables, Florida 33134<br>Telephone: (305) 441-1180<br>Facsimile: (305) 441-1181<br>*Attorneys for Defendant*<br>*Lloyd's of London, a.k.a.*<br>*Society of Lloyd's, a.k.a.*<br>*Corporation of Lloyd's*<br>**(VIA CM/ECF)** |
| J. Thompson Thornton, Esq.<br>thornton@tdflaw.com<br>Thornton, Davis & Fein, P.A.<br>Brickell Bay View Centre<br>Suite 2900<br>80 Southwest 8th Street<br>Miami, Florida<br>Telephone: (305) 446-2646<br>Facsimile: (305) 441-2374<br>*Attorneys for Underwriters 105*<br>**(VIA CM/ECF)** | Steven R. Selsbarg, Esq.<br>srselsberg@mayerbrown.com<br>Victor W. Zhao, Esq.<br>vzhao@mayerbrown.com<br>Mayor Brown, LLP<br>700 Louisiana Street<br>Suite 3400<br>Houston, Texas 77002<br>Telephone: (713) 238-2664<br>Facsimile: (713) 238-4664<br>*Attorneys for Defendant*<br>*Seguros Inbursa, S.A.*<br>**(VIA CM/ECF)** |

RICHMAN GREER, P.A.

Miami • West Palm Beach

CASE NO.  09-20610-CIV-KING/BANDSTRA

| | |
|---|---|
| James B. Baldinger, Esq.<br>jbaldinger@carltonfields.com<br>David B. Esau, Esq.<br>desau@carltonfields.com<br>Carlton Fields, P.A.<br>525 Okeechobee Blvd.<br>Suite 1200<br>West Palm Beach, Florida 33401<br>Telephone: (561) 659-7070<br>Facsimile: (561) 659-7368<br>*Attorneys for Defendant*<br>*Seguros Inbursa, S.A.*<br>**(VIA CM/ECF)** | |

RICHMAN GREER, P.A.

Miami • West Palm Beach